## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  STATE OF OKLAHOMA, EX REL. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>1.  PATRICK MONTGOMERY;<br>2.  EMPLOYMENT TRADITIONS, INC.;<br>3.  PEOPLE ESSENTIALS, INC.;<br>4.  E.T. 2, INC;<br>5.  E.T. 4, INC.;<br>6.  ET6, INC.;<br>7.  ET 10, INC.;<br>8.  CFC I/ET, INC.;<br>9.  CFC II/ET, INC.;<br>10. MONTGOMERY, INC.;<br>11. ACRISURE BUSINESS OUTSOURCING SERVICES, LLC;<br>12. ACRISURE, LLC;<br>13. CAMPBELL MANAGEMENT GROUP, INC.<br><br>                    Defendants. | Case No. 5:11-cv-00864-C<br>(Oklahoma County Case No. CJ-2011-4429) |

### JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: September 1, 2011

Appearing for Plaintiff: Keith A. Wilkes & Gregory P. Reilly, Newton O'Connor, Turner & Ketchum, P.C.

Appearing for Defendants Patrick Montgomery, Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T.4, Inc., ET6, Inc., ET 10, Inc., CFC I/ET, Inc., CFC II/ET,

Inc., and Montgomery, Inc.: Rachel C. Mathis, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.

Appearing for Defendants Acrisure Business Outsourcing Services, LLC, Acrisure, LLC, Campbell Management Group, Inc.: Henry D. Hoss, Amy D. White, McAfee & Taft.

**Jury Trial Demanded ■  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    a. ____Plaintiff:

    Before being placed into receivership, Park Avenue Property & Casualty Company ("Park Avenue") entered into various contracts for the provision of workers' compensation insurance policies to Employment Traditions, Inc. and various affiliated entities. Park Avenue provided insurance coverage pursuant to the contract and issued policies for the benefit of Employment Traditions, Inc. and its affiliated entities. ETI failed to make all payments due and owing to Park Avenue pursuant to the contracts. Plaintiff, as receiver for Park Avenue seeks to collect the amounts due and owing for the benefit of creditors of the receivership estate.

    Additionally, Plaintiff brings a claim against Patrick Montgomery, the sole shareholder and director of Employment Traditions, Inc. and one or more of its affiliated entities for engaging in a transaction with Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc. ("Acrisure Entities") constituting negligence and a breach of the fiduciary duties owed to Park Avenue.

    Plaintiff seeks equitable remedies and to avoid the constructively fraudulent transfers of substantially all of the valuable assets of ETI and its affiliated entities to the Acrisure Entities and any distributions of proceeds of the sale to Patrick Montgomery.

    Plaintiff seeks to pierce the corporate veils of ETI and its affiliated entities to reach the assets of Patrick Montgomery, where assets were comingled, misappropriated, or where there was an abuse of corporate form.

    Plaintiff also seeks to hold the Acrisure Entities liable for the debt owed to Park Avenue as a successor corporation of ETI and the affiliated entitles due to the nature of the transaction, which was intended to and did result in a mere continuation of the business

operations of ETI and the affiliated entities and otherwise rendered ETI and the affiliated entities unable to continue business.

      b.    Defendants Patrick Montgomery, Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T.4, Inc., ET6, Inc., ET 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc.:

Patrick Montgomery; Employment Traditions, Inc.; People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CFC I/ET, Inc.; CFC II/ET, Inc.; and Montgomery, Inc. deny that they are indebted to the Plaintiffs in the amounts stated. Furthermore, Patrick Montgomery; People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CFC I/ET, Inc.; CFC II/ET, Inc.; and Montgomery, Inc. state that they did not have a contractual relationship with Imperial Casualty and that there is no basis upon which to pierce the corporate veils of any of the corporate entities.

Patrick Montgomery states that all actions taken by him were conducted in the scope and course of his position with ETI; People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CFC I/ET, Inc.; CFC II/ET, Inc.; and /or Montgomery, Inc. In taking such actions, he did so with utmost good faith and thus fulfilled his fiduciary duties to said entities. Furthermore, he did not owe any fiduciary duties to Plaintiff, nor did he improperly commingle or misappropriate funds of the corporate entities. As such, he is not a proper party to this action as he is not subject to personal liability.

Furthermore, contrary to Plaintiff's assertions, the amounts now sought by Plaintiff have not been previously invoiced or demanded by Imperial. Neither ETI nor any of its affiliates breached any agreements with Imperial and did not default under the agreements.

These Defendants also state that the sale of ETI and/or any of its affiliated entities to ABOS was not conducted in a fraudulent manner, but was done in the best interest of the Defendant entities and their customers.

      c.    Defendants Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc.:

Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc. deny any liability for any of the contractual obligations of Defendant Employment Traditions, Inc. ("ETI") or any of its affiliates which are at issue in these two lawsuits. These Defendants did not have a contractual relationship with the Plaintiffs and are not responsible for ETI's obligations to Plaintiffs under any theories of

successor liability or fraudulent transfer. Pursuant to an Asset Purchase effective December 31, 2008, ABOS did purchase certain accounts of Defendant Employment Traditions, Inc. and its ETI affiliates but did not assume the liabilities sought to be enforced by the Plaintiffs. The assets were purchased for value and this transaction did not constitute a fraudulent transfer, constructive or otherwise.

Campbell Management Group, Inc. sold its business to Acrisure prior to ABOS' purchase of any assets from ETI. Campbell Management Group, Inc.'s only relationship with ABOS is as a former parent corporation, which relationship terminated when Acrisure bought substantially all the assets of Campbell Management Group. As a result, it cannot be held liable for any of ABOS' obligations with respect to ETI and its affiliates.

With respect to Plaintiff's alleged damages, these Defendants reserve the right to review and challenge Plaintiff's damage claim if the Court determines that these Defendants may have liability.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    28 U.S.C. § 1332(a)(1).

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    None at this time.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.  Plaintiff:

    Plaintiff seeks judgment against the Defendants as follows:

    1.  Against Campbell Management Group, Inc., Acrisure, LLC and Acrisure Business Outsourcing Services, LLC, a ruling by the Court that such Defendants are liable, as successor entities, for the damages attributable to Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., ET 10, Inc., CFC I / ET, Inc., CFC II / ET, Inc., Montgomery, Inc., under Counts I, II, III and VI;

2. Against Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., ET 10, Inc., CFC I / ET, Inc., CFC II / ET, Inc., Montgomery, Inc., Patrick Montgomery,, a ruling by the Court that the corporate veil should be pierced and that Montgomery, ETI and the ETI Affiliates are liable for the satisfaction of any judgment to which Park Avenue is entitled under Counts I, II, III, and IV;

3. Against Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., ET 10, Inc., CFC I / ET, Inc., CFC II / ET, Inc., Montgomery, Inc., Patrick Montgomery, Campbell Management Group, Inc., Acrisure, LLC, and Acrisure Business Outsourcing Services, LLC in an amount to be proven at trial, currently approximated to be $9,346,890 and pre-judgment interest at 18% per annum. In addition to damages and pre-judgment interest, Park Avenue is entitled to an award of actuarial charges of no less than $2,000 and post-judgment interest at the contractual rate of 18% per annum.

4. Against Patrick Montgomery in an amount to be proven at trial in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code;

5. Against Patrick Montgomery for an award of punitive damages in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code;

6. Against Patrick Montgomery, Campbell Management Group, Inc., Acrisure, LLC, and Acrisure Business Outsourcing Services, LLC avoiding the transfers from Employment Traditions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., ET 10, Inc., CFC I / ET, Inc., CFC II / ET, Inc., Montgomery, Inc. to the extent necessary to satisfy Park Avenue's claim;

7. For an Order of attachment or other provisional remedy against the assets transferred or other property of Patrick Montgomery, Campbell Management Group, Inc., Acrisure, LLC, and Acrisure Business Outsourcing Services, LLC;

8. For injunctive relief prohibiting further disposition by Patrick Montgomery, Campbell Management Group, Inc., Acrisure, LLC, Acrisure Business Outsourcing Services, LLC, Employment Traditions,

        Inc., People Essentials, Inc., E.T. 2, Inc., E.T. 4, Inc., ET6, Inc., ET 10, Inc., CFC I / ET, Inc., CFC II / ET, Inc., Montgomery, Inc.;

    9.   For the appointment of a receiver to take charge of the asset transferred or other property of Patrick Montgomery, Campbell Management Group, Inc., Acrisure, LLC, and Acrisure Business Outsourcing Services, LLC;

    10.   For an award to the Plaintiffs of attorneys' fees and costs, including discretionary costs, as permitted by law; and

    11.   For any and all such other, further and general relief as the Court deems just and proper.

b.   Defendants Patrick Montgomery, Employment Solutions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T.4, Inc., ET6, Inc., ET 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc.:

    1.   Each of the corporate entities is a separate legal entity and there are no grounds for piercing the corporate veil or discarding their separate identities.

    2.   Montgomery, ETI and its affiliates have not breached any contract with Plaintiff are not obligated to Plaintiff in the amounts sought.

    3.   Plaintiff's claims against all Defendants except ETI are barred due to lack of personal jurisdiction.

    4.   Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief may be granted.

    5.   Plaintiff's claims may be barred by the applicable statute of limitation and/or repose.

    6.   Plaintiff's claims may be barred by the doctrine of estoppels, laches and/or waiver.

    7.   Plaintiff's claims may be barred by the doctrine of unclean hands.

    8.     Plaintiff's claims may be barred or limited because Plaintiff has failed to mitigate its damages.

    9.     Plaintiff's claims may be barred or limited due to contributory and/or comparative negligence or fault.

    10.     Defendants did not owe Plaintiff any fiduciary duty.

    11.     Plaintiff's claims are barred by accord and satisfaction.

    12.     Patrick Montgomery is not a proper party defendant as there is no basis upon which to pierce the corporate veil.

    13.     Plaintiff's claim for punitive damages is unconstitutional.

c.     Defendants Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc.:

    1.     At the close of 2008, ABOS entered into an Asset Purchase Agreement with Employment Traditions, Inc. ("ETI") and certain ETI affiliates purchasing certain specific accounts as set out in that Agreement. ABOS did not assume any of the contracts between ETI and its affiliates and either of the plaintiffs.

    2.     All of the contractual obligations the Plaintiffs allege were breached, occurred prior to ABOS' purchasing certain assets of ETI and its affiliates.

    3.     ABOS did not assume any of the liability for any past or prior obligations owed by ETI and its affiliates to either of the plaintiffs.

    4.     Acrisure and ABOS are separate legal entities and there are no grounds for piercing the corporate veil or discarding their separate identities.

    5.     Prior to ABOS' purchase of certain assets of ETI and its affiliates, Campbell Management Group, Inc. sold its business assets to Acrisure. Campbell Management Group, Inc. was not a party to the Asset Purchase Agreement and did not assume contractual obligations or liabilities with respect to ETI or any obligations that ETI may or may not have to the plaintiffs.

6. Upon information and belief, ETI and its affiliates are not obligated to either of the plaintiffs in the amounts sought by the plaintiffs.

7. Plaintiffs' claims are barred due to lack of personal jurisdiction.

8. Plaintiffs' claims are barred because Plaintiffs fail to state a claim upon which relief may be granted.

9. Plaintiffs' claims may be barred by the applicable statute of limitation and/or repose.

10. Plaintiffs' claims may be barred by the doctrine of laches and/or waiver.

11. Plaintiffs' claims may be barred by the doctrine of unclean hands.

12. Plaintiffs' claims may be barred or limited because Plaintiffs have failed to mitigate their damages.

13. Plaintiffs' claims may be barred or limited due to contributory negligence, comparative negligence, or contributory fault.

14. Defendants reserve the right to add additional affirmative defenses made known.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes    ■ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

Plaintiff: A Motion to Transfer the case to the state court judge overseeing the receivership proceeding was filed in state court prior to removal. Removal has rendered that Motion moot. Plaintiff anticipates filing a Motion for Summary Judgment on all issues at the completion of discovery.

Defendants Patrick Montgomery, Employment Solutions, Inc., People Essentials, Inc., E.T. 2, Inc., E.T.4, Inc., ET6, Inc., ET 10, Inc., CFC I/ET, Inc., CFC II/ET, Inc., and Montgomery, Inc.: Defendant Patrick Montgomery anticipates filing a motion for summary judgment with relation to the claims asserted against him in his individual capacity.

Defendants Acrisure Business Outsourcing Services, LLC; Acrisure, LLC; and Campbell Management Group, Inc.: Acrisure Business Outsourcing Services, LLC; Acrisure, LLC; and Campbell Management Group, Inc. anticipate filing a Motion pursuant to 12(b)(6) or 12(c) and/or a Motion for Summary Judgment on the grounds that the Defendants Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc. are not parties to the contracts between the Plaintiff and E.T.I. and its affiliates and have no successor liability for those obligations. It is possible that an additional Motion for Summary Judgment relating to Plaintiff's damages may be considered after discovery has taken place. In addition, Acrisure, LLC and Campbell Management Group, Inc. anticipate that they will file a motion pursuant to 12(b)(6) or 12(c) on the grounds that they did not purchase any assets or liabilities from ETI or its affiliates, and therefore cannot be liable under theories of fraudulent transfer or successor liability.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes   ■ No

   If "no," by what date will they be made?  September 14, 2011

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on August 30, 2011.

   B. The parties anticipate that discovery should be completed within 6 months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 3 months.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

9

■ Yes    ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☐ Yes    ■ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
N/A

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
N/A

9. **ESTIMATED TRIAL TIME**: 10 Days

10. **BIFURCATION REQUESTED**:    ☐ Yes    ■ No

11. **POSSIBILITY OF SETTLEMENT**:    ☐ Good    ■ Fair    ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   A. Compliance with LCvR 16.1(a)(1) - ADR discussion:    ■ Yes    ☐ No

   B. The parties request that this case be referred to the following ADR process:

   ☐ Court-Ordered Mediation subject to LCvR 16.3
   ■ Judicial Settlement Conference
   ■ Other: Private Mediation (First Choice)
   ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?    ☐ Yes    ■ No

14. Type of Scheduling Order Requested.    ■ Standard -    ☐ Specialized (If a specialized

scheduling order is requested, counsel should include a statement of reasons and proposal.)

Respectfully submitted this 30th day of August, 2011.

/s/ *Keith A. Wilkes*
Keith A. Wilkes, OBA No. 16750
Gregory P. Reilly, OBA No. 22284
**NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.** 15 West Sixth Street, Suite 2700
Tulsa, Oklahoma   74119-5423
Telephone: 918-587-0101
Facsimile: 918-587-0102

**ATTORNEYS FOR PLAINTIFF**

/s/ *Rachel C. Mathis\**
Rachel C. Mathis, OBA #16360
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0820
Facsimile: (918) 594-0505

**ATTORNEYS FOR PATRICK MONTGOMERY, EMPLOYMENT TRADITIONS, INC., PEOPLE ESSENTIALS, INC., E.T. 2, INC., E.T. 4, INC., ET6, INC., E.T. 10, INC., CFC I/ET, INC., CFC II/ET, INC., AND MONTGOMERY, INC.**

and

/s/ *Henry D. Hoss*\*
Henry D. Hoss, OBA #11354
Amy D. White, OBA #19255
McAFEE & TAFT
A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
(405) 235-9621
FAX: (405) 235-0439

**ATTORNEYS FOR ACRISURE BUSINESS OUTSOURCING SERVICES, LLC. ACRISURE, LLC AND CAMPBELL MANAGEMENT GROUP, INC.**

\**Signed by filing attorney with permission*