IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *ex rel*., JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK MONTGOMERY, EMPLOYMENT TRADITIONS, INC.; PEOPLE ESSENTIALS, INC.; E.T. 2, INC.; E.T. 4, INC.; E.T. 6, INC.; E.T. 10, INC.; CFC I/ET, INC.; CFC II/ET, INC.; MONTGOMERY, INC; ACRISURE BUSINESS OUTSOURCING SERVICES, LLC; ACRISURE, LLC; and CAMPBELL MANAGEMENT GROUP, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-11-864-C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO RECONSIDER
COURT'S ORDER DENYING AN EXTENSION OF DEADLINES**

Plaintiff State of Oklahoma, ex rel. John Doak, Insurance Commissioner, as Receiver for Park Avenue Property and Casualty Insurance Company in Liquidation, by and through its attorneys of record, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, respectfully requests that the Court reconsider its Order of March 2, 2012 (Dkt. No. 39), wherein the Court denied Plaintiff's Application to Extend All Deadlines and Enter an Amended Scheduling Order ("Application") (Dkt. No. 33). In support of this Motion for Reconsideration, Plaintiff submits the following:

## I.  INTRODUCTION

In its original Application, Plaintiff requested all dates in the Court's original Scheduling Order be extended sixty (60) days.  Plaintiff noted that no prior requests for an extension of deadlines had been requested or given and provided compelling reasons why an extension should be granted.  First, Plaintiff has been actively engaged in what now totals more than 20 lawsuits seeking to collect funds due to the receivership estate and defending the receivership estate from extra-receivership court claims against estate assets.[1]  Plaintiff has retained a preeminently experienced, though small, firm to act as assistant receiver for the Park Avenue Property & Casualty Company and Imperial Casualty and Indemnity Company receivership estates.  Defendant Acrisure Business Outsourcing Services ("ABOS") propounded discovery requests seeking voluminous documents.  Indeed, Plaintiff has calculated that page count of potentially responsive documents totals approximately 120,000, and the number is growing.  Due to the heavy workload on the assistant receiver primarily related to these receivership estates and on counsel, counsel had delayed coordinating with the assistant receiver's office regarding preparation of discovery requests, instead intending to focus all available resources on responding to initial disclosure requests, which have been produced, and ABOS's discovery requests.  Additionally, Defendants Acrisure, LLC ("Acrisure") and Campbell Management Group, Inc. ("Campbell") filed a Motion for Judgment on the Pleadings, which further taxed Plaintiff and counsel's ability to focus on discovery-related issues.

---

[1] This total includes 17 lawsuits that have been filed against PEOs owing monies to the receivership estate since February 29, 2012.

See Dfs. Acrisure's (sic) and Campbell's Mot. J. Pldgs. and Br. Supp. (Dkt. No. 24); Pl.'s Resp. Opp'n to Dfs.' Mot. J. Pldgs. and Br. Supp. (Dkt. No. 30); Order (Dkt. No. 31).

Plaintiff's written discovery requests were to be propounded by January 27, 2012, to induce responses prior to the March 1, 2012, discovery cutoff. However, on January 24, 2012, counsel suffered the death of his grandmother, the matriarch of a family that includes 17 children, 38 grandchildren, and 25 great-grandchildren. Unplanned travel to attend to services was necessary. Within hours of his grandmother's death, counsel requested that the parties agree to extend deadlines in order for Plaintiff to prepare discovery. Ms. Mathis expressed sympathy and immediately agreed. The next day, Mr. Hoss, too, expressed his sympathies, but, instead of agreeing, Mr. Hoss made himself available for a telephone conference to discuss the issue either while counsel was participating in services or after the funeral services were complete, on January 30, 2012.

It was not until weeks later, after a disagreement arose regarding whether certain "claim files" were in the possession or under the control of Plaintiff, did Mr. Hoss refuse to allow Plaintiff to file an unopposed motion to extend deadlines.[2] Without explanation,

---

[2] Mr. Hoss claims in Defendant Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc. (sic) Response to Plaintiff's Application to Extend All Deadlines (Dkt. No. 34, at ¶ 12) that his decisions to object was the result of counsel's "failure to even acknowledge that discovery mattered." Plaintiff objects to this obvious use of hyperbole. However, it is apparent that Mr. Hoss's decision to object to an extension of deadlines resulted from counsel's decision to decline Mr. Hoss's request to allow Defendants' expert to call and speak directly with someone at the assistant receiver's office about the claims data. Of course, counsel offered to clear up any confusion the Defendants' expert had, but Mr. Hoss, instead, simply expressed indignant disappointment that counsel would not permit Defendants expert direct communication with his client. To date, Mr. Hoss has not posed questions from the expert, though he continues to insist on the truth of a basic factual inaccuracy – that the receiver and the

Ms. Mathis also withdrew consent after Plaintiff proposed a longer extension, as Ms. Mathis had previously suggested.

The Court, in its March 2, 2012, Order (Dkt. No. 33) denied Plaintiff's request stating as follows: "In addition to continuously missing deadlines and failing to respond to discovery requests, Plaintiff misrepresents the pendency of a motion as a basis for extension." Plaintiff respectfully submits that the Court misunderstood Plaintiff's reason for citing the pendency of Acrisure and Campbell's Motion for Judgment on the Pleadings. Further, the Order should be reconsidered to prevent the manifest injustice that would result. Accordingly, Plaintiff respectfully requests the Court to reconsider its Order and grant an extension of the deadlines to allow sufficient time for Plaintiff to complete discovery and present all evidence necessary to prosecute its claims.

## II. ARGUMENT AND AUTHORITIES

### 1.  *Standard Applied to Motions for Reconsideration*

A court may reconsider and revise any interlocutory order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. FED. R. CIV. P. 54(b); *Bays Exploration, Inc. v. Bays Energy Partners 2007 L.P.*, No. CIV-07-754-D, 2011 U.S. Dist. Lexis 63476, at \*\*2-3 (W.D. Okla. June 15, 2011) (citing *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214 (10th Cir. 2003)). The Tenth

---

various state guaranty associations are one in the same, such that the receiver can order the state guaranty associations to produce active claim files to be made available in a central location for inspection. In fact, the state guaranty associations are adversaries and creditors of the receivership estate. OKLA. STAT. tit. 36, § 1927.1(B)(3). Further, the receiver is bound by the settlements and payments made by state guaranty associations. OKLA. STAT. tit. 36, § 2010(C).

Circuit has recognized a court's power to reconsider its own rulings and correct errors of law or fact. *See Hancock v. City of Oklahoma City,* 587 F.2d 1394 (10th Cir. 1988) (reversing the trial court's denial of a party's motion to reconsider); *Bartels v. Hecker*, Nos. 93-2266, 93-2275, 1995 U.S. App. LEXIS 1378, at *7 (10th Cir. Jan. 23, 1995).

The rule does not restrain the court to any legal standard for the review of its interlocutory orders and may, therefore, reconsider its rulings de novo. However, many courts, including recently the U.S. District Court for the Western District of Oklahoma, have exercised their discretion to apply the standard applicable to Motions to Alter or Amend a Judgment under FED. R. CIV. P. 59(e). *Bays Exploration*, 2011 U.S. Dist. Lexis 63476, at *3 (citing, among others, *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010)). Under this standard, "[grounds] warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.

Plaintiff respectfully submits that the Court has misapprehended the purpose for citing the pending Motion for Judgment on the Pleadings as a basis for the relief requested. Moreover, the effect of the Court's order will result in what can only be

considered a manifest injustice: the inability of Plaintiff to obtain and present evidence that may be necessary to prosecute its claims.

### 2. *The Court Should Reconsider Its Ruling Because It has Misapprehended Plaintiff's Statement of Good Cause.*

As one of several reasons why Plaintiff argued that an Amended Scheduling Order should be entered, Plaintiff cited the pendency of Acrisure and Campbell's Motion for Judgment on the Pleadings. (Dkt. No. 33, p. 3, ¶ 7). Counsel for Acrisure, ABOS, and Campbell responded as follows:

> Plaintiff's failure to advance this matter in any way is all the more amazing in light of its response to the Motion to Dismiss (sic) filed by Campbell Management Group and Acrisure, LLC. The Court will recall that those defendants filed a motion on the fraudulent transfer count and the successor liability count because they were not the purchasers of some (sic) of the ETI accounts. Plaintiff's (sic) responded that they could not be sure of that and need discovery to determine the true facts (even though they have a copy of the transaction documents). Amazingly, however, Plaintiff has not engaged in discovery. It is worth noting that the filing and pendency of the Motion to Dismiss (sic) was not any reason for delay. Campbell Management Group, Acrisure, and ABOS readily conceded in that motion that ABOS was in fact the entity that purchased certain accounts of ETI. If there are legitimate claims for successor liability or fraudulent transfer – which there are not – then ABOS stood and stands ready to defend those claims. In fact, the Motion to Dismiss (sic) was a reason to get moving on discovery, as the need for discovery was Plaintiff's main defense to that motion. Instead of doing so, Plaintiff has done nothing.

(Dkt. No. 34, p. 8, ¶ 12 and 13). Of course, Defendants are well aware that Plaintiff intended to engage in discovery, but needed additional time, as evidenced by the email

from counsel on January 24, 2012.  Ex. "1" to Pl.'s App. to Extend All Deadlines and Enter an Am. Sch. Order (Dkt. No. 33).

The Court on March 2, 2012, perhaps relying upon Defendants' arguments, denied Plaintiff's request for additional time finding that "Plaintiff *misrepresents* the pendency of a motion as a basis for extension." (Dkt. No. 39) (emphasis added).  This was not Plaintiff's intent.

Plaintiff's inclusion of the pending Motion for Judgment on the Pleadings, along with the need for the assistant receiver to gather a high volume of documents potentially responsive to Defendants' discovery requests, now determined to exceed 120,000 pages, and the litigation demands upon the assistant receiver as well as counsel, are all reasons Plaintiff delayed preparing and transmitting Plaintiff's discovery requests to Defendants. Then, due to the death of counsel's grandmother, counsel needed to request additional time to prepare Plaintiff's discovery requests after travelling to and returning from the funeral in Maryland.

Plaintiff did not intend to imply that the pending Motion for Judgment on the Pleadings *excused* Plaintiff from preparing discovery requests. Rather, Plaintiff cited the pending motion to as one of several reasons why good cause existed to extend discovery. Counsel does apologize for the oversight of the Court's deadline to file an expert report. However, Defendants cannot seriously claim that they have been prejudiced.  What Defendants have not disclosed to the Court is that Plaintiff provided to Defendants the report of Plaintiff's actuary, Merlinos & Associates, Inc., on **October 13, 2011**. Defendants have not similarly provided a report from their rebuttal expert, have not filed

7

an expert list and report, and have <u>not</u> requested an extension of time to file an expert report.[3]

Based on the clarifications of Plaintiff's position, Plaintiff respectfully submits that the Court should reconsider its March 2, 2012, Order (Dkt. No. 39) and allow sufficient time for Plaintiff to conduct the discovery necessary to prosecute its claims.

### 3. *Manifest Injustice Would Result if the Court Does Not Reconsider Its Ruling and Enter an Amended Scheduling Order.*

If the Court does not reconsider its ruling, Plaintiff believes it may be unable to advance its claims against Defendants Acrisure, ABOS, Campbell and Patrick Montgomery. As there is no serious question that Defendant Employment Traditions, Inc. and its various related entities ceased doing business immediately or soon after the transaction with Acrisure, ABOS, or Campbell, and that Employment Traditions, Inc. has no assets with which to satisfy and judgment, Plaintiff will be seriously disadvantaged without obtaining the documents and information necessary to prosecute its claims against the above named Defendants. While Defendants provided Plaintiff a copy of what is purported to be the transaction documents between the Acrisure Defendants and the ETI Defendants,[4] there is much left to be discovered.

---

[3] Plaintiffs would not oppose such a request as Plaintiff understands that Defendants' expert or experts would need sufficient time to review documents it will obtain in discovery.

[4] Defendants' provision of the transaction documentation was only made in return for Plaintiff's agreement to a strict non-disclosure agreement barring Plaintiff from disclosing such documents or any information contained in such documents absent specified reasons not applicable here. Use of the transaction documents in a lawsuit is not included in the list of authorized uses. Defendants have the benefit of disclosing only

Plaintiff needs to engage in discovery to develop evidence to first, adequately address the respective Defendants' Motions for Summary Judgment and, second, to produce evidence in support of its claims at trial. The transaction documents in-question capture only a momentary snapshot in the chain of the events surrounding the transaction on December 31, 2008. For example, shortly before the closing date, several corporations were formed, merged, or reorganized contemporaneously with the sale of Employment Tradition, Inc.'s assets, and, unfortunately, the documents fail to fully explain the reasons for such activity. The transaction documents also fail to reveal the events occuring after closing. For example, it is certainly possible that ABOS was established in October 2008 to be, borrowing the term of Defendants' Michigan counsel, a "single purpose entity" for the purpose of purchasing the assets of Employment Traditions, Inc. <u>for</u> Acrisure and/or, potentially, Campbell. Simply stated, after closing on the transaction, a second closing may have been conducted to transfer all of the assets from ABOS to Acrisure and/or Campbell, indicating that ABOS was merely a straw purchaser to be disregarded in Defendants' shell game of entities.

Additionally, it is necessary for Plaintiff to obtain records and information related to the due diligence, if any, performed by Acrisure, ABOS, Campbell, or one of their related entities prior to the transaction with Employment Traditions, Inc. If due diligence was performed, it would have discovered that Employment Traditions, Inc. did not have sufficient assets and to satisfy its liabilities after the transaction. Further, it would have

---

the information they have determined is beneficial to them with the contractual right to prohibit Plaintiff from doing the same.

discovered that Employment Traditions, Inc. was contractually prohibited from engaging in the transaction with Acrisure, ABOS, Campbell, or one of their related entities. It is also necessary for Plaintiff to discover when payments were made, to whom payments were made, whether payments or other assets were improperly comingled or passed through to other persons or entities, and whether the totality of circumstances surrounding the transaction warrants a finding that Acrisure, ABOS or Campbell was merely a continuation of Employment Traditions, Inc. and its affiliates.

Plaintiff has attached a copy of its proposed Requests for the Production of Documents and Interrogatories as Exhibits "1" and "2." Though these requests are directed to ABOS, Plaintiff anticipates sending identical discovery requests to Acrisure and Campbell and similar requests to Employment Traditions, Inc., its related entities, and Patrick Montgomery.

If Plaintiff is not permitted to fully engage in discovery prior to this Court's ruling on the merits, it will be put in an unfair disadvantage. "A scheduling order which results in the exclusion of evidence is … 'a drastic sanction.'" *Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1253 (10th Cir. 2011) (quoting *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

The issues raised above and, most critically, counsel's need to immediately travel out of state due to a death in the family, constitutes good cause for extending the deadlines in the Scheduling Order. Plaintiff respectfully submits that the Court's March 2, 2012, Order (Dkt. No. 39) is a "drastic sanction" that, if not reconsidered, would result in a manifest injustice upon Plaintiff. Plaintiff further submits that a sanction as drastic

as the Court's Order is not warranted here and that the Order should be reconsidered to allow sufficient time for Plaintiff to discover and to present evidence in support of its claims.

WHEREFORE, Plaintiff State of Oklahoma, ex rel. John Doak, Insurance Commissioner, as Receiver for Park Avenue Property and Casualty Insurance Company in Liquidation respectfully requests that the Court reconsider its March 2, 2012, Order (Dkt. No. 39), and to allow sufficient time for Plaintiff to discover and present evidence necessary to prosecute its claims. Plaintiff further requests such additional relief, at law or in equity, to which the Court deems proper.

Respectfully submitted,

**NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.**

 /s/ *Gregory P. Reilly*
Keith A. Wilkes, OBA No. 16750
Gregory P. Reilly, OBA No. 22284
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma   74119-5423
Telephone: 918-587-0101
Facsimile: 918-587-0102

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2012, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following recipients:

Rachel C. Matthis, Esq.
rmathis@hallestill.com

Henry D. Hoss, Esq.
henry.hoss@mcafeetaft.com

Amy D. White, Esq.
amy.white@mcafeetaft.com

I hereby certify that on this 22nd day of March, 2012, I caused to be served the foregoing instrument by first class mail, proper postage affixed, upon the following, who are not registered participants in the ECF System:

Jon M. Bylsma, Esq.
VARNUM, LLP
333 Bridge Street, N.W.
Grand Rapids, MI 49504

                                         /s/ *Gregory P. Reilly*
                                         Gregory P. Reilly