IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, *ex rel.*, JOHN )
DOAK, INSURANCE COMMISSIONER, )
AS RECEIVER FOR PARK AVENUE )
PROPERTY AND CASUALTY )
INSURANCE COMPANY, )
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-11-864-C
　　　　　　　　　　　　　　　　　　　　)
PATRICK MONTGOMERY, )
EMPLOYMENT TRADITIONS, INC.; )
PEOPLE ESSENTIALS, INC.; )
E.T. 2, INC.; E.T. 4, INC.; )
E.T. 6, INC.; E.T. 10, INC.; )
CFC I/ET, INC.; CFC II/ET, INC.; )
MONTGOMERY, INC; )
ACRISURE BUSINESS OUTSOURCING )
SERVICES, LLC; ACRISURE, LLC; )
and CAMPBELL MANAGEMENT )
GROUP, INC., )
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**ORDER**

On March 2, 2012, the Court denied Plaintiff's Motion for Extension of Deadlines, and on March 22, Plaintiff filed the present Motion to Reconsider that Order pursuant to Fed. R. Civ. P. 54(b). For reasons outlined below, the Court finds that reconsideration is unwarranted.

"'[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.'" Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1251 (10th Cir. 2011) (quoting Been

v. O.K. Indus., 495 F.3d 1217, 1225 (10th Cir. 2007)).  When considering a motion to reconsider an interlocutory order, most courts apply the standard applicable to a motion to alter or amend judgment under Rule 59(e) and 60(b); although courts are "not bound" to do so.  Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008).[1]  A motion to reconsider, like a motion to alter or amend judgment, should be granted only when one of the following is shown by the moving party: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).  Reconsideration is not, however, an opportunity to revisit issues previously asserted or issues that were available at the time of the original motion.  Servants of the Paraclete, 204 F.3d at 1012.

As two bases for reconsideration, Plaintiff argues manifest justice requires reconsideration and cites the Court's reference to—and alleged misconstruction of—Plaintiff's brief discussing the pendency of a motion on the pleadings.  Id. (finding that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law").  Regarding the latter, in the Motion for Extension, Plaintiff stated the following:

---

[1] In its response to Plaintiff's Motion for Reconsideration, Defendant Montgomery argues that Rule 54(b) is inapplicable here because the prior Order denying extension of the Scheduling Order is not a final adjudication.  (Defs.' Br., Dkt. No. 49, at 2.)  Because the Court finds that Plaintiff would not be entitled to reconsideration under this Rule, resolution of this assertion is unnecessary.

> For various reasons, including the pendency of Acrisure and Campbell's Motion for Judgment on the Pleadings, the litigation demands upon the assistant receiver, and the unavoidable delay in responding to ABOS's discovery requests, counsel for Plaintiff has postponed coordination with the assistant receiver regarding the preparation of discovery requests to Defendant.

(Pl.'s Br., Dkt. No. 33, at 3.)  This language is ambiguous:  In the Order, the Court understood Plaintiff's citation to the pendency of a motion as referring to the motion as currently pending; Plaintiff interprets citation to the pendency of the motion as a reason for further delaying coordination with Assistant Receiver to prepare discovery requests, not that the motion was currently pending at the time of filing the Motion for Extension.  Even if the Court had misconstrued the sentence referring to the pendency of the motion in its prior Order, that misconstruction would do nothing to alter the Court's prior Order because Plaintiff's failure to conduct discovery remains constant, which was the basis for denying the extension.

Regarding the former, Plaintiff again cites to the volume of documents involved in discovery, the unexpected death of one of Plaintiff's counsel's family members, the period in which Defendants' motion on the pleadings was pending, general litigation demands, and the overload of cases borne by Plaintiff's counsel as bases for good cause to extend discovery.  If the Court does not reconsider these factors for extending deadlines, Plaintiff argues, the result will be manifestly unjust to Plaintiff.

As previously outlined in the Order denying Plaintiff's request for extension, delinquencies in discovery occurred well prior to and after the death of one of counsel's

family members. And while the Court is sensitive to and aware of life beyond the courthouse walls, this incident does not account for the totality of Plaintiff's delinquency in conducting discovery.[2] Nor does the general overload of Plaintiff's counsel, the pendency of motions, or the volume of documents adequately explain Plaintiff's failure to facilitate discovery since September of 2011. (Order, Dkt. No. 20). Plaintiff alleges that Defendants agreed to extend discovery, but the e-mail exchange supports Defendants' position that no such agreement was reached.[3] Regardless, any agreement reached between the parties does not affect the deadlines ordered by the Court. Accordingly, Plaintiff has not established that reconsideration of this Court's previous Order is warranted.

---

[2] Plaintiff's counsel notified defense counsel of his emergency need to travel for funeral arrangements on January 24, 2012. But Plaintiff's counsel admits that he expected to return to the office six days later, on January 30. (Pl.'s Br., Dkt. No. 42, at 2.) And it was another two weeks before Plaintiff's counsel attempted to reach agreement on extension. (Id. at 3.) Plaintiff's responses to document requests and interrogatories were due December 2011, which Plaintiff failed to meet. (Defs.' Br., Dkt. No. 44, at 2.) Plaintiff also failed to meet the expert witness deadline and the deadline for written discovery requests. (Order, Dkt. No. 20; Pl.'s Br., Dkt. No. 41 Ex. 1, at 2.) Nor has Plaintiff filed exhibit and witness lists, which were due February 14 and 15. (Order, Dkt. No. 20.) Plaintiff did submit responses to request for admissions, which were minimal at best, and Plaintiff has responded to initial disclosure requests. (Defs.' Br., Dkt. No. 44 Ex. 4; Defs.' Br., Dkt. No. 45 Exs. 2, 3.) And Plaintiff has taken no action to initiate any discovery, such as by noticing depositions or requesting document production.

[3] While the e-mail exchange between counsel cited by both parties discusses rescheduling a 30(b)(6) deposition and accommodating Plaintiff's counsel's needs arising from the death in his family, they do not support that an agreement of discovery extension was actually reached.

Nor has Plaintiff satisfied the requirements of Rule 56(d)[4] to warrant additional time for discovery prior to responding to Defendants' Motions for Summary Judgment. Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it; . . . allow time to obtain affidavits or declarations or take discovery . . . ." Fed. R. Civ. P. 56(d).

"The general principle of Rule 56([d]) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)). When the nonmoving party files an affidavit explaining why it cannot present facts to oppose the motion, Rule 56(d) serves to expand the time in which the Court rules on the summary judgment motion. Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1376-77 (10th Cir. 1988). This Rule does not operate automatically, however, and the nonmovant must satisfy certain prerequisites before invoking its protections.

> A prerequisite to granting relief [pursuant to Rule 56([d])] . . . is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the

---

[4] In the 2010 Amendments, the language in the previous subdivision (f) was moved to subdivision (d) "without substantial change." Fed. R. Civ. P. 56 Advisory Committee Notes 2010 Amendments.

> nonmovant also must explain "how additional time will enable him to rebut movant's allegations of no genuine issue of fact."
> . . . .
> [C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56([d]) and results in a waiver.

Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir.1992) (citations omitted) (quoting Meyer v. Dans un Jardin, S.A., 816 F.2d 533, 537 (10th Cir.1987)).

Here, Plaintiff filed two affidavits: in the first, Plaintiff's counsel recounts the reasons for discovery delay previously asserted in the motion for extension of deadlines and motion to reconsider; in the second, the Assistant Receiver, Mark D. Tharp, states that "[t]o respond to [Defendants'] Motion[s] for [] Summary Judgment, Plaintiff needs more time to conduct discovery[, and a] period of sixty (60) days should provide Plaintiff with enough time to obtain the evidence which will demonstrate that there are disputed material facts related to Plaintiff's equitable veil piercing claim." (Pl.'s Br., Dkt. No. 41 Ex. 2, at 2.) Mr. Tharp goes on to delineate the specific evidence sought to be obtained during discovery, including Defendants' corporate records, employee depositions, and sale records, which Plaintiff alleges prove Defendants' abuse of the corporate form, undercapitalization of corporate entities, and alter egos. (Id. at 2-3.)

While the affidavits identify the probable facts to be obtained by further discovery, they do not explain why these facts cannot be presented or identify what steps have been taken to obtain these facts. See Comm. for the First Amendment, 962 F.2d at 1522. Plaintiff outlines no steps taken to file a notice of a deposition or submit a request for production of documents—two procedures available to Plaintiff that, if followed, would have obviated

Plaintiff's present need for additional discovery. Jensen v. Redev. Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993) (affirming denial of 56(d) request when the plaintiffs were "dilatory in pursuing discovery prior to the filing of their Rule 56([d]) affidavit" by failing to depose any of the defendants' key witnesses). Neither does Plaintiff explain why an additional discovery period of thirty or sixty days would be beneficial when, up until now, a five-month period of discovery was insufficient.

This Court functions on actions, not intentions. (Pl.'s Br., Dkt. No. 40, at 6, 10 ("Of course, Defendants are well aware that Plaintiff intended to engage in discovery . . . . Plaintiff anticipates sending identical discovery requests to Acrisure and Campbell and similar requests to Employment Traditions, Inc., its related entities, and Patrick Montgomery.").) And Plaintiff's failure to conduct discovery cannot be attributed to anyone but Plaintiff.

Accordingly, Plaintiff's Motion for Reconsideration (Dkt. No. 40) and Rule 56(d) Request for Extension of Time (Dkt. Nos. 41, 42) are DENIED. However, because Plaintiff should be given an opportunity to respond substantively to Defendants' motions for summary judgment, Plaintiff may file summary judgment responses by April 19, 2012.

IT IS SO ORDERED this 12th day of April, 2012.

ROBIN J. CAUTHRON
United States District Judge