# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, *ex rel*., JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-864-C |
| PATRICK MONTGOMERY, EMPLOYMENT TRADITIONS, INC.; PEOPLE ESSENTIALS, INC.; E.T. 2, INC.; E.T. 4, INC.; E.T. 6, INC.; E.T. 10, INC.; CFC I/ET, INC.; CFC II/ET, INC.; MONTGOMERY, INC; ACRISURE BUSINESS OUTSOURCING SERVICES, LLC; ACRISURE, LLC; and CAMPBELL MANAGEMENT GROUP, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Park Avenue Property and Casualty Insurance Company in Liquidation, pursuant to the Scheduling Order of the Court (Doc. 20), hereby submits the following proposed jury instructions.

Respectfully submitted,

**NEWTON, O'CONNOR, TURNER & KETCHUM
A Professional Corporation**

*/s/ Gregory P. Reilly*

Keith A. Wilkes, OBA No. 16750
Gregory P. Reilly, OBA No. 22284
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119-5423
Telephone: 918-587-0101
Facsimile: 918-587-0102
kwilkes@newtonoconnor.com
greilly@newtonoconnor.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2012, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following recipients:

Rachel C. Mathis, Esq.
rmathis@hallestill.com

Henry D. Hoss, Esq.
henry.hoss@mcafeetaft.com

Amy D. White, Esq.
amy.white@mcafeetaft.com

John M. Bylsma, Esq.
jmbylsma@varnumlaw.com

Zachary A. P. Oubre, Esq.
Zac.oubre@mcafeetaft.com

Conor P. Cleary, Esq.
ccleary@hallestill.com


  /s/ *Gregory P. Reilly*
Gregory P. Reilly

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## EXPLANATION TO JURY PANEL OF VOIR DIRE

As possible jurors you will be questioned to determine your qualifications to serve in this case. The purpose of these questions is to obtain a fair jury. Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors. Will you please stand, raise your right hand, and the oath will now be given to you by _____.

**Authority:**   OUJI 1.1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## **OATH ON VOIR DIRE**

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge or the lawyers to serve as a juror in the case now on trial, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge or lawyers to serve as a juror in the case now on trial? [Juror should be required to answer "I do."].

**Authority:**   OUJI 1.2

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## OATH ADMINISTERED TO JURY

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence? [Juror should be required to answer, "I do."].

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**


**JURY'S DUTIES**

**CAUTIONARY INSTRUCTIONS GIVEN AFTER JURY IS SWORN**

<u>Members of the Jury</u>: I will now explain your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.  It is my duty to determine the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received. It is your duty to accept and follow all of these instructions.  You must not  accept some instructions and disregard others.

**DECISION NOT BASED ON SYMPATHY, PREJUDICE, OR SPECULATION**

It is your duty to determine the facts of this case from the evidence produced in open court. It is then your duty to apply the law contained in the instructions you will receive to the facts and thus render a verdict. You should not allow sympathy or prejudice to influence your decision, and your decision must not be based on speculation or guesswork.

**EVIDENCE TO BE CONSIDERED: TESTIMONY AND EXHIBITS**

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, or by deposition.


**STATEMENTS AND OBJECTIONS OF COUNSEL ARE NOT EVIDENCE**

-7-

The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.  The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.  My rulings and remarks made during the course of this trial are not evidence for you to consider and are not intended to indicate my opinion as to the facts.

### BELIEVABILITY OF WITNESSES

You decide the believability of each witness and the value given to the testimony of each. You should consider a witness's means of knowledge, strength of memory, and opportunities for  observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

### DISCUSSION OF THE CASE PROHIBITED

During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone.  You must not allow anyone to discuss it with you. This rule applies to court employees, the attorneys involved in this case, and others you may meet in the courthouse.  It also applies to your spouse, other family members, friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me.  You must not form or express any opinion about the case or talk to your fellow jurors about the case until the case is finally submitted to you for a decision.

## PURPOSE OF THESE RULES

These rules are designed to ensure that your decision in this case is based solely on the evidence you hear and see in the courtroom and that you are not improperly influenced by what others think or say before the case is submitted to you for a verdict.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

**AUTHORITY:**           OUJI 1.4 Modified.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. ___

## THE ISSUES IN THE CASE

The parties to this case are the Plaintiff, The State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Park Avenue Property and Casualty Insurance Company.  The Defendants Are Patrick Montgomery, Employment Traditions, Inc.; People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CFC I/ET, Inc.; CFC II/ET, Inc.; Montgomery, Inc; Acrisure Business Outsourcing Services, LLC; Acrisure, LLC; and Campbell Management Group, Inc.

## <u>PLAINTIFF'S CASE</u>

John Doak, the Insurance Commissioner for the State of Oklahoma, instituted this action in his capacity as Receiver of Park Avenue Property and Casualty Insurance Company.  Under Oklahoma law, he is entitled to seek the recovery of monies owed to the insolvent insurance company, Park Avenue.

Park Avenue provided high deductible worker's compensation insurance coverage to Defendant Employment Traditions, Inc., a professional employer organization.  A professional employer organization, or PEO, contracts with its customers, usually small- to medium-sized businesses with employees, to provide various employment related services, such as payroll services and workers' compensation insurance in return for a fee.  Park Avenue provided this high deductible worker's compensation insurance to Defendant Employment Traditions and its affiliated Defendant companies through a series of annual written insurance agreements.  Plaintiff alleges, however, that the Defendant Employment

Traditions failed to pay all the amounts due to Park Avenue and is in breach of the contracts.

Plaintiff alleges that in December 2008, during a time when Plaintiff claims Defendant Employment Traditions owed $9,474,687 to Park Avenue, Defendant Employment Traditions' principal and sole shareholder, Defendant Patrick Montgomery, transferred substantially all of Defendant Employment Traditions' assets to one or more of the affiliated Defendants, Campbell Management Group, Inc.; Acrisure, LLC.; and Acrisure Business Outsourcing Services, LLC.  By and through this sale, Plaintiff alleges that Defendant Employment Traditions and Defendants Campbell Management Group, Inc.; Acrisure, LLC.; and Acrisure Business Outsourcing Services, LLC. attempted to fraudulently escape liabilities owed to Park Avenue under the insurance agreements.

Plaintiff alleges Defendant Employment Traditions breached its contracts with Park Avenue by failing to make all payments due and owing to Park Avenue pursuant to the contracts.  Plaintiff, as receiver for Park Avenue seeks to collect the amounts due and owing for the benefit of creditors of the receivership estate.

Additionally, Plaintiff brings a claim against Defendant Patrick Montgomery, the sole shareholder and director of Defendant Employment Traditions, Inc. and its affiliated Defendant entities for engaging in a transaction with Defendant Acrisure Business Outsourcing Services, LLC, Defendant Acrisure, LLC and Defendant Campbell Management Group, Inc., which transaction constituted negligence and a breach of the fiduciary duties owed to Park Avenue.

Plaintiff alleges Defendant Employment Traditions, and its affiliated companies,

together with Defendant Montgomery, fraudulently transferred substantially all of the valuable assets of Defendant Employment Traditions and its affiliated entities to Defendant Acrisure Business Outsourcing Services, LLC, Defendant Acrisure, LLC and Defendant Campbell Management Group, Inc.

Plaintiff further alleges Defendant Patrick Montgomery intentionally and improperly co-mingled, misappropriated and abused the corporate form of Defendant Employment Traditions and its Defendant affiliated entities for the purpose, in-part, of hiding assets owed to Plaintiff, as receiver for Park Avenue.

Plaintiff also seeks to hold Defendant Acrisure Business Outsourcing Services, LLC, Defendant Acrisure, LLC and Defendant Campbell Management Group, Inc., liable for the debt owed to Park Avenue as a successor corporation of Defendant Employment Traditions and its affiliated Defendant entitles due to the nature of the transaction, which was intended to and did result in a mere continuation of the business operations of Defendant Employment Traditions and its affiliated Defendant entities, and otherwise rendered Defendant Employment Traditions and its affiliated Defendant entities unable to continue business and pay the debts owed to the State of Oklahoma, on behalf of Park Avenue.

For these reasons, Plaintiff claims it is entitled to the recovery of damages from the Defendants.

## **DEFENDANTS' CASE**

Defendants Patrick Montgomery; Employment Traditions, Inc.; People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CFC I/ET, Inc.; CFC II/ET, Inc.; and Montgomery,

Inc. deny that they are indebted to the Plaintiff in the amounts stated.   Further, Defendant Patrick Montgomery and Defendants People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CFC I/ET, Inc.; CFC II/ET, Inc.; and Montgomery, Inc. state they did not have a contractual relationship with Park Avenue and claim there is no basis upon which to pierce the corporate veils of any of the corporate entities to recover monies from Defendant Patrick Montgomery.

Defendant Patrick Montgomery states that all actions taken by him were conducted in the scope and course of his position with Defendants Employment Traditions; People Essentials, Inc.; E.T. 2, Inc.; E.T. 4, Inc.; E.T. 6, Inc.; E.T. 10, Inc.; CFC I/ET, Inc.; CFC II/ET, Inc.; and /or Montgomery, Inc., and in taking such actions, Defendant Patrick Montgomery claims he did so with utmost good faith and thus fulfilled his fiduciary duties to said those Defendant entities.  Defendant Patrick Montgomery further alleges he did not owe any fiduciary duties to Plaintiff, nor did he improperly commingle or misappropriate funds of his Defendant corporate entities.

Defendants Employment Traditions and its Defendant affiliates deny they breached any agreements with Park Avenue and did not default under the agreements.  These Defendants also state the sale of Defendant Employment Traditions and/or any of its affiliated Defendant entities was not conducted in a fraudulent manner, but was done in the best interest of Defendant Employment Traditions, its Defendant entities and their customers.

Defendants Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc. deny any liability for any of the contractual obligations of Defendant Employment Traditions, Inc. or any of its Defendant affiliates.  Defendants Acrisure Business Outsourcing Services, LLC, Acrisure, LLC and Campbell Management Group, Inc claim they did not have a contractual relationship with Park Avenue and are not responsible for Defendant

Employment Traditions' obligations to Park Avenue under any theories of successor liability or fraudulent transfer.  Defendants admit that pursuant to an Asset Purchase effective December 31, 2008, Defendant Acrisure Business Outsourcing Services did purchase certain accounts of Defendant Employment Traditions, Inc. and its affiliates, but claims it did not assume the liabilities sought to be enforced by the Plaintiff, and further claims these assets were purchased for value and that the transaction did not constitute a fraudulent transfer, constructive or otherwise.

Defendant Campbell Management Group, Inc. claims it sold its business to Defendant Acrisure prior to the purchase of any assets from Defendant Employment Traditions. Defendant Campbell Management Group, Inc.'s further alleges its only relationship with Defendant Acrisure Business Outsourcing Services, LLC, is as a former parent corporation, which relationship terminated when Acrisure bought substantially all the assets of Campbell Management Group.  As a result, Defendant Campbell Management Group claims it cannot be held liable for any of Defendant Acrisure Business Outsourcing Services' obligations with respect to Defendant Employment Traditions and its Defendant affiliates companies.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. ___**

**JURY'S DUTIES**
**CAUTIONARY INSTRUCTIONS - CORPORATION AND GOVERNMENTAL**
**ENTITY AS PARTY**

All parties to a lawsuit are entitled to the same fair and impartial consideration,

whether they are corporations, governmental entities or individuals.

**AUTHORITY:**           OUJI No. 1.6 (Modified)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## CONCLUDING INSTRUCTION

Ladies and Gentlemen of the jury, that completes the argument.  This case is now submitted to you for your decision and verdict.  The verdict forms will be sent to the jury room with you, along with these written instructions of the Court.

You are the judges of the facts, the weight of the evidence, and the credibility of the witness.  In determining such weight or credit, you may consider the interest, if any, which a witness may have in the result of the trial, the relation of the witness to the parties, the bias or prejudice, if any has been apparent; the candor, fairness, intelligence and demeanor of the witness; the ability of the witness to remember and relate past occurrences, means of observation, and opportunity of knowing the matters about which the witness has testified. From all the facts and circumstances appearing in evidence and coming to your observation during the trial and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions.

You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors, impartially, conscientiously and faithfully under your oaths, and return such verdict as the evidence warrants, when measured by these instructions.

These instructions contain all the law, whether statutory or otherwise, to be applied by you in this case, and the rules by which you are to weigh the evidence and determine the facts in issue.  You will not use any method of chance in arriving at a verdict, but base it on

the judgment of each juror concurring therein.

The Court has made rulings in the conduct of the trial and the admission of evidence. In so doing, the Court has not expressed, nor intimated in any way, the weight or credit to be given any evidence or testimony admitted during the trial, nor indicated in any way the conclusions to be reached by you in this case.  When the Court has sustained an objection to a question, the jury should disregard the question, and may draw no inference from the wording of it, or speculate as to what the witness would have said if permitted to answer.

Remember at all times, you are not partisans.  You are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.  After you have retired to consider your verdict, select one of your number as foreman or forewoman and enter upon your deliberations.  Your verdict must be unanimous.

After you have reached a verdict, your foreman or forewoman alone will sign it, and you will as a body, return with it into Court.  Forms of verdict will be furnished for your consideration and use.

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, provided an agreement can be reached without doing violence to each individual's judgment.  Each juror must decide for himself or herself, but only after an impartial consideration of the evidence with fellow jurors.

In the course of the deliberations, you should not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  However, no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of

the opinion of fellow jurors, or for the mere purpose of a verdict.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the marshal.  Bear in mind that you are not to reveal to the Court, or to any person, how the jury stands, numerically or otherwise, until you have reached your verdict.  The marshal will come forward to be sworn.

**AUTHORITY:**            OUJI 1.8 (modified);1.9 (modified); 3.13.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**<u>MANDATORY INSTRUCTION UPON DISCHARGE</u>**

You have now completed your duties as jurors in this case and are discharged. The question may arise whether you are free to discuss this case with anyone. This is entirely your decision, however, at no time may attorneys approach or speak with you regarding this case unless they have first received authorization from me. If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately.

**AUTHORITY:**            OUJI No. 1.11 (modified)
                         Western District LCvR47.1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**<u>BURDEN OF PROOF - GREATER WEIGHT OF THE EVIDENCE</u>**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

**AUTHORITY:**             OUJI No. 3.1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**<u>EXPERT WITNESS</u>**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses.  You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine.  You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise.  The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**AUTHORITY:**          OUJI No. 3.21

**PLAINTIFF'S PROPOSED INSTRUCTION NO. ____**

**ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT**

Plaintiff is required to prove by the greater weight of the evidence the following in order to recover on the claim for breach of contract against Defendant:

1. Formation of a contract between Park Avenue and Defendant Employment Traditions, Inc.;

2. Defendant Employment Traditions, Inc., breached its contract with Park Avenue; and,

3. Park Avenue suffered damages as a direct result of the breach.

**Authority:** OUJI 23.1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## <u>ENTIRE CONTRACT</u>

A contract is to be interpreted as a whole, and the overall intention of the parties is controlling over the separate parts of a contract.

If possible, each part of a contract must be used to help interpret the other parts, but if one part is wholly inconsistent with the general intention of the parties, it should be rejected.

When a contract is partly printed and partly typed [hand-written], then the typed [hand-written] part is controlling over the printed part should there be any inconsistencies between these parts.

Where several contracts make up a single transaction, then they should be interpreted together.

**Authority:**   OUJI 23.12

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## MEANING OF WORDS

You should interpret the words of the contract in their ordinary and popular sense, unless you decide that the parties used them in some other sense.

If the parties used technical words, they should be interpreted in the way that they are usually understood by persons in the business in which they are used, unless clearly used in a different sense.

If the parties to the contract have dealt with each other before and their previous dealings showed that they had a common understanding as to the meaning of certain terms, then you should interpret those terms according to their commonly understood meaning.

**Authority:**   23.13

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## <u>CONSTRUCTION IN FAVOR OF PROMISES</u>

If the terms of a promise are uncertain, then you should interpret those terms the way that the person making the promise believed the other person understood them when the promise was made.

**Authority:**   OUJI 23.14

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## BREACH OF CONTRACT

A contract is breached or broken when a party does not do what [he/she/it] promised to do in the contract.

**Authority:**    OUJI 23.21

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

### <u>GENERAL MEASURE OF DAMAGES</u>

If you decide for the Plaintiff on its claim for breach of contract against Defendant Employment Traditions, Inc., you must then fix the amount of damages. This is the amount of money that is needed to put Park Avenue in as good a position as it would have been if the contract had not been breached. In this case, the amount of damages should be determined as follows: [set out the appropriate measure of damages].

**Authority:**   OUJI 23.51 (modified)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**


**<u>UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES</u>**

  In order to award damages to Plaintiff you must be satisfied by the greater weight of the evidence that Park Avenue did in fact suffer a loss which was caused by the breach of contract by Defendant Employment Traditions.  Once you are satisfied that Park Avenue did suffer such a loss, you should award damages to Plaintiff even if you are uncertain as to the exact amount.  The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.


**Authority:** OUJI 23.52 (modified)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. _____

## TRANSFER WITH INTENT TO DEFRAUD

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following:

(a)     With actual intent to hinder, delay, or defraud any creditor of the debtor.

(b)     Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:

   (I)     Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

   (ii)     Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

**AUTHORITY**:     MLCS § 566.34(1)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**"INTENT" DEFINED**

In determining actual intent under the instruction entitled "Transfer with Intent to Defraud," consideration may be given, among other factors, to whether one (1) or more of the following occurred:

(a)     The transfer or obligation was to an insider.

(b)     The debtor retained possession or control of the property transferred after the transfer.

©     The transfer or obligation was disclosed or concealed.

(d)     Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(e)     The transfer was of substantially all of the debtor's assets.

(f)     The debtor absconded.

(g)     The debtor removed or concealed assets.

(h)     The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(I)     The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j)     The transfer occurred shortly before or shortly after a substantial debt was incurred.

 (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

**AUTHORITY**: MLCS § 566.34(2)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**CONSTRUCTIVE FRAUDULENT TRANSFER**

(1)     A transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the creditor's claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(2) A transfer made by the debtor is fraudulent as to the creditor if the creditor's claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

**AUTHORITY**:      MLCS § 566.35

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**<u>"INSIDER" DEFINED</u>**

Plaintiff asserts that Defendant Montgomery is an insider of Defendant

Employment Traditions and/or its Defendant affiliates.  The following are considered

"insiders" under the law:

1. A director of Employment Traditions or its affiliates.

2. An officer of Employment Traditions or its affiliates.

3. A person in control of Employment Traditions or its affiliates.

4. A relative of a director, officer, or person in control of Employment
   Traditions or its affiliates.

**AUTHORITY**:      MLCS § 566.31(g)(ii)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**<u>"AFFILIATE" DEFINED</u>**

"Affiliate" means one (1) or more of the following:

(I)      A person who directly or indirectly owns, controls, or holds with power to vote 20% or more of the outstanding voting securities of the debtor, other than a person who holds the securities in either of the following circumstances:

      (A)      is a fiduciary or agent without sole discretionary power to vote the securities.

      (B)      Solely to secure a debt, if the person has not exercised the power to vote.

(ii)      A corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote by the debtor or a person who directly or indirectly owns, controls, or holds, with power to vote, 20% or more of the outstanding voting securities of the debtor, other than a person who holds the securities in either of the following circumstances:

      (A)      As a fiduciary or agent without sole discretionary power to vote the securities.

      (B)      Solely to secure a debt, if the person has not exercised the power to vote.

(iii)      A person whose business is operated by the debtor under a lease or other agreement, or a person substantially all of whose assets are controlled by the debtor.

(iv)    A person who operates the debtor's business under a lease or other agreement or controls substantially all of the debtor's assets.

**AUTHORITY:**    MLCS § 566.31(a)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

## SUCCESSOR LIABILITY

Under the law, Defendants Acrisure, ABOS, Campbell, or any combination of those entities is a successor of Defendant Employment Traditions and its affiliate if Plaintiff has shown <u>any</u> one (1) of the following:

    (1)    there is an express or implied assumption of liability; or

    (2)    the transaction amounts to a consolidation or merger; or

    (3)    the transaction was fraudulent; or

    (4)    some of the elements of a purchase in good faith were lacking, or where the transfer was without consideration and the creditors of the transferor were not provided for; or

    (5)    the transferee corporation was a mere continuation or reincarnation of the old corporation.


**AUTHORITY**: *RDM Holdings, Ltd. v. Cont'l Plastics Co.*, 762 N.W.2d 529, 552 (Mich. App. 2008) (citing *Foster v. Cone-Blanchard Mach. Co.*, 597 N.W.2d 509-510 (Mich. 1999)).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

### *De Facto* Merger

A *de facto* merger, the second principle listed above for finding successor liability, exists when each of the following elements is met:

(1)      There is a continuation of the enterprise of the seller corporation, so that there is a continuity of management, personnel, physical location, assets, and general business operations.

(2)      There is a continuity of shareholders which results from the purchasing corporation paying for the acquired assets with shares of its own stock, this stock ultimately coming to be held by the shareholders of the seller corporation so that they become a constituent part of the purchasing corporation.

(3)      The seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible.

(4)      The purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation.

Though all other factors are necessary to show a *de facto* merger, the absence of an exchange of stock, the second factor, should <u>not</u> be conclusive to your determination that Defendants Acrisure, ABOS, Campbell, or any combination of them, did <u>not</u> engage in a *de facto* merger with Defendant Employment Traditions and its affiliates.

-37-

**AUTHORITY**: *Oliver v. Perry*, No. 296871, 2011 WL 2204128 (Mich. App. June 7, 2011); *Turner v. Bituminous Cas. Co.*, 244 N.W.2d 873, 880 (Mich. 1976) ("the absence of an exchange of stock should not be conclusive"); *Steinberg v. Young*, No. 09-11836, 2010 U.S. Dist. LEXIS 31996 (E.D. Mich. March 31, 2010).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____**

## CONTINUITY OF THE ENTERPRISE

You may find that the Acrisure, ABOS, Campbell or any combination of them are liable under the fifth principle listed Jury Instruction entitled "Successor Liability," also called the "continuity of enterprise" principle. A continuity of the enterprise exists when the following factors are present:

(1)     there was continuation of the seller corporation, so that there is a continuity of management, personnel, physical location, assets, and general business operations of the predecessor corporation;

(2)     the predecessor corporation ceased its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible;

(3)     the purchasing corporation assumed those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the selling corporation;

(4)     the purchasing corporation held itself out to the world as the effective continuation of the seller corporation.

You are further instructed that under the law, a successor corporation that does <u>not</u> operate in the same physical location as the previous entity does <u>not</u> prevent you finding in favor of Plaintiff.

You must also consider these factors when determining whether Defendant Acrisure, ABOS, Campbell, or any one of them or combination of them, are liable to Plaintiff under the "continuity of the enterprise" principle.

**AUTHORITY**:       *RDM Holdings, Ltd. v. Cont'l Plastics Co.*, 762 N.W.2d 529, 552 (Mich. App. 2008) (successor company not operating in the same physical location); *Oliver v. Perry*, No. 296871, 2011 WL 2204128 (Mich. App. June 7, 2011); *Turner v. Bituminous Cas. Co.*, 244 N.W.2d 873, 880 (Mich. 1976); *Steinberg v. Young*, No. 09-11836, 2010 U.S. Dist. LEXIS 31996 (E.D. Mich. March 31, 2010).

**PLAINTIFF'S PROPOSED INSTRUCTION No. _____**

## NEGLIGENCE

Plaintiff has brought a claim for negligence against Defendant Montgomery in his role as director and officer of Employment Traditions and its affiliates.

Negligence is the failure to use ordinary care. Ordinary care means the care a reasonably careful officer or director of a corporation would use.

Therefore, by "negligence," I mean the failure to do something that a reasonably careful officer or director of a corporation would do, or the doing of something that a reasonably careful officer or director of a corporation would not do, under the circumstances that you find existed in this case.

The law does not say what a reasonably careful officer or director of a corporation using ordinary care would or would not do under such circumstances. That is for you to decide.

**AUTHORITY**:      MICH. CIV. JI 10.02

## PLAINTIFF'S PROPOSED JURY INSTRUCTION No. _____

### BREACH OF FIDUCIARY DUTY

Plaintiff alleges that Montgomery has breached his fiduciary duty to Plaintiff, a creditor of ETI, as a result of his transaction with Acrisure, ABOS, and Campbell, which left the ETI unable to pay its debt to Plaintiff.  Montgomery denies Plaintiff's claim.

A breach of fiduciary duty occurs when a position of influence has been acquired and abused, or when confidence has been reposed and betrayed.

As a matter of law, a corporation's directors owe fiduciary duties requiring the utmost good faith whenever they deal with the corporation they serve. When a director deals with corporation, his personal interests must be subordinated to the interests of the corporation, its stockholders, officers and employees, and its creditors.

**AUTHORITY**:  Thomas v. Satfield Co., 108 N.W.2d 907, 911 (Mich. 1961); *Christner v. Anderson, Nietzke & Co., P.C.*, 401 N.W.2d 641 (Mich. App. 1986); *Whitney Props. v. Philip F. Greco Title Co.*, Nos. 283120 and 285076, 2009 Mich. App. LEXIS 1588 (July 23, 2009).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION No. _____**

**<u>VEIL PIERCING</u>**

Ordinarily, a corporation or other legal entity has a separate existence from its shareholders or owners.  In normal circumstances, therefore, a creditor of the corporation or other legal entity cannot reach the assets of the owners of the corporation.  However, The doctrine, however, that a corporation is a legal entity existing separate and apart from the persons composing it is a mere fiction, introduced for purposes of convenience and to subserve the ends of justice. This fiction cannot be urged to an extent and purpose not within its reason and policy, and it has been held that in an appropriate case, and in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical.

Plaintiff alleges that reasons exist for "piercing the corporate veil" of ETI and the ETI Affiliates such that Montgomery is liable for all debts of ETI and the ETI affiliates and that ETI and the various ETI affiliates are liable for the debts of each other.

The "corporate veil" will not be "pierced" absent fraud, sham or other improper use of the corporate form.  In ascertaining whether the separate corporate entity should be disregarded, each case must be decided in accordance with its own underlying facts. With a claim of piercing the corporate veil, a corporate identity will be ignored when three prerequisites are shown:

-43-

(1) the corporate entity is a mere instrumentality of another,

(2) the corporate entity was used to commit a fraud or wrong, and

(3) plaintiff suffered an unjust loss or injury.

You may consider any of the following factors in making your determination that the corporate veil should be pierced:

(1) whether the corporation is undercapitalized,

(2) whether separate books are kept,

(3) whether there are separate finances for the corporation and the individual,

(4) whether the corporation is used for fraud or illegality,

(5) whether corporate formalities have been followed, and

(6) whether the corporation is a sham.

**AUTHORITY**: Associated Constr. Servs. Corp. v. Commerce 880, LLC, No. 296894, 2011 Mich. App. LEXIS 1479 (Aug. 11, 2011);  *LaRose Mkt. v. Sylvan Ctr.*, 530 N.W.2d 505 (Mich. App. 1995); *Williams v. American Title Ins. Co.*, 269 N.W.2d 481 (Mich. Ap. 1978); *Montgomery v. Central Nat'l Bank & Trust Co.*, 267 Mich. 142, 147 (Mich. 1934).